UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

      Plaintiff,

 v.

BREEANN CARAWAY, *et al*.,

      Defendants.

Case No. C19-679-RSL-MLP

REPORT AND RECOMMENDATION

  Plaintiff Gabriel Eckard is a former inmate of the Washington State Department of Corrections ("DOC") and is currently confined at the Snohomish County Jail. He has submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983 in which he alleges that Defendants, all DOC employees, violated his First Amendment rights when they refused to deliver his USA Today newspaper from August 16, 2018 through September 4, 2018 while he was confined at the Monroe Correctional Complex. (Dkt. # 1-1.) Plaintiff identifies Breeann Caraway, Jeff Stringham, Asen Deshev, and Jack Warner as Defendants in his complaint. (*Id*. at 1-3.) He seeks declaratory relief and damages. (*Id*. at 5.)

  A review of this Court's records reveals that Plaintiff filed virtually identical complaints against the same four Defendants in August 2018 and March 2019. *See Eckard v. Caraway*, C18-

REPORT AND RECOMMENDATION - 1

1260-TSZ, Dkt. ## 1, 6; *Eckard v. Caraway*, C19-375-RSM, Dkt. ## 1, 5. The complaints in both actions alleged that Defendants violated Plaintiff's First Amendment rights by refusing to deliver his USA Today newspaper beginning on August 16, 2018 and continuing through his release from DOC custody on September 4, 2018. *See id.*

In case C18-1260-TSZ, Defendants moved to dismiss the complaint on the grounds that Plaintiff failed to exhaust his administrative remedies. *See* Dkt. # 16. On February 20, 2019, United States Magistrate Judge Brian Tsuchida issued a Report and Recommendation recommending that the case be dismissed because it was undisputed that Plaintiff did not file a grievance regarding the undelivered newspapers and, in fact, made no attempt to exhaust his administrative remedies. *Id.*, Dkt. # 25. On April 8, 2019, United States District Judge Thomas Zilly adopted Judge Tsuchida's Report and Recommendation and dismissed the case. *Id.*, Dkt. # 26.

In case C19-375-RSM, Plaintiff identified the same Defendants and raised the same claim regarding the undelivered newspapers. *See* Dkt. # 5. Plaintiff, who was clearly aware of the requirement that prisoners must exhaust administrative remedies before bringing any action regarding prison conditions under §1983, asserted in his complaint that because he had been released from prison he was "no longer required to exhaust administrative remedies under the exhaustion rule of 42 U.S.C. Section 1997(e)(a)." *Id.*, Dkt. # 5 at 3. On March 15, 2019, Judge Tsuchida issued a Report and Recommendation recommending that the case be dismissed because it was both duplicative of Plaintiff's 2018 case and because the exhaustion requirement did, in fact, apply to Plaintiff and he failed to exhaust his administrative remedies. *Id.*, Dkt. # 6 at 3. On April 25, 2019, Chief United States District Judge Ricardo Martinez adopted Judge Tsuchida's Report and Recommendation and dismissed the case. *Id.*, Dkt. # 8.

REPORT AND RECOMMENDATION - 2

Not to be deterred in his effort to pursue his claim regarding the undelivered newspapers, Plaintiff filed the instant action within days after his complaint in C19-375-RSM was dismissed.[1] The instant complaint is virtually identical to the complaints filed in C18-1260-TSZ and C19-375-RSM with the notable exception that Plaintiff nowhere addresses the exhaustion issue in the instant complaint as he did in his two prior complaints. If Plaintiff believes that ignoring the issue will increase his chances of success, he is mistaken. While exhaustion is not a pleading requirement, the Court cannot overlook the fact that Plaintiff has already had two complaints dismissed for failure to exhaust administrative remedies with respect to the issue he seeks to raise in this action. As Judge Tsuchida explained in his Report and Recommendation issued in C19-375-RSM, the Prison Litigation Reform Act ("PLRA") exhaustion requirement, as set forth in 42 U.S.C. § 1997e(a), applies with full force to Plaintiff. C19-375-RSM, Dkt. # 6 at 3. Nothing in the materials submitted by Plaintiff in the instant action suggests that the posture of the exhaustion issue is any different now than it was during the pendency of case C19-375-RSM.

As the instant action is clearly duplicative of Plaintiff's two prior actions which were dismissed for failure to exhaust his administrative remedies as required by the PLRA, and as nothing has apparently changed regarding the exhaustion issue, this Court recommends that the instant action be dismissed as well. This Court further recommends that a strike be assessed under 28 U.S.C. § 1915(g) because the instant action is both frivolous and malicious under 28 U.S.C. § 1915(e)(2)(b). The action is frivolous because it should be abundantly clear to Plaintiff at this point that his claims regarding the undelivered newspapers are unexhausted and therefore not cognizable in this Court. The complaint is malicious because Plaintiff's persistence in

---

[1] Plaintiff signed the complaint filed in this action on April 31, 2019 and it was received for filing on May 6, 2019. (*See* Dkt. # 1-1 at 1, 6.)

REPORT AND RECOMMENDATION - 3

pursuing claims which he knows are not viable constitutes an abuse of the Court process and consumes valuable Court resources. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed three pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

DATED this 6th day of June, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4